UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE NOE MADRIGAL-NEGRETE,

    Defendant.
_____/

Case No. 09-CR-20199
HON. GEORGE CARAM STEEH

## ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE (DOC. # 114)

Before the court is defendant Jose Noe Madrigal-Negrete's *pro se* motion brought under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The government filed its response on October 15, 2012. For the following reasons, defendant's motion is denied.

Defendant was arrested in 2009, along with several co-defendants, after Immigration and Customs Enforcement Agents found firearms and a large quantity of marijuana at his home. Defendant was indicted by a grand jury on one drug charge and two firearms charges. The quantity of marijuana involved resulted in a statutory minimum of 60 months of incarceration under 18 U.S.C. § 841(a)(1). Defendant entered into a Fed. R. Crim. P. 11 plea agreement, under which he agreed to plead guilty to the drug charge in exchange for dismissal of the firearms charges. Defendant also stipulated to an order of removal as a "deportable alien." The parties did not agree upon the sentencing guidelines, as discussed in more detail below. Ultimately, defendant was sentenced to only the

mandatory minimum sentence–also 60 months–corresponding to the one charge to which he pleaded guilty.

Defendant engaged in a thorough plea colloquy with the court at the time of his plea, at which he stated he understood the Rule 11 provisions and that he might or might not qualify for the "safety valve" at sentencing, a decision he stated he understood he would have no right to appeal. After defendant was found by the court not to qualify for the "safety valve," he was sentenced to the mandatory minimum sentence of 60 months on the single drug charge. Notwithstanding his waiver of appellate rights and statutory minimum sentence, defendant appealed from the judgment. His appeal was dismissed by the Sixth Circuit on the basis of the appellate waiver. United States v. Serrato-Chavez et al., 457 Fed.Appx. 529 (6th Cir. 2012).

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution ... may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a). A prisoner must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" to succeed on such a motion. Valentine v. United States, 488 F.3d 325, 344 n.4 (6th Cir. 2007) (quoting Weinberger v. United States, 268 F.3d 346, 351 (6th Cir. 2001)).

In evaluating a claim of ineffective assistance of counsel, this court employs the two-prong test of Strickland v. Washington, 466 U.S. 668 (1984). First, defendant must show that his or her counsel's lperformance was deficient, and that s/he did not receive the "counsel" guaranteed in the Sixth Amendment to the U.S. Constitution. Id. at 687. Next,

s/he must show errors so serious as to "deprive the defendant of a fair trial." Id. When a defendant pleads guilty, s/he must show that there is a reasonable probability that but for counsel's errors, s/he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In his motion, defendant generally asserts that his sentence was imposed in violation of the due process, equal protection, and "counsel" clauses of the U.S. Constitution, and lists 6 claims. Additionally, he cites 28 U.S.C. § 2255(b) concerning an evidentiary hearing, which the court declines to hold on the basis that the record makes it abundantly clear that the "prisoner is entitled to no relief." Id.

Defendant's first claim addresses his plea agreement and the alleged ineffective assistance of his counsel during that process. He asserts that his counsel was ineffective in failing to tell him about the benefits and consequences of the plea and failing to secure all available benefits, which allowed the defendant to "remain ignorant of the true nature the significance (sic)" of the plea. This claim must fail. As the government argues, the defendant received a favorable plea deal secured for him by his counsel, pleading guilty to just one of three counts, while the other two were dismissed. This eliminated a count which mandated a minimum sentence of 60 months of incarceration, which would have been consecutive to any other sentence. See Superceding Indictment (firearms charge under 18 U.S.C. § 924(c). Although defendant now asserts he did not understand the benefits, consequences, "true nature," and significance of the plea, this is belied by the colloquy he had with the court, summarized above. See Blackledge v. Alison, 431 U.S. 63, 74 (1977). Under the circumstances of this case defendant can come nowhere close to

demonstrating either unreasonable professional performance or prejudice as a result of counsel's alleged acts and/or omissions. Strickland, 466 U.S. at 690.

The remainder of defendant's claims (district court's alleged (1) attribution of entire quantity of drugs to defendant; (2) failure to apply "safety valve;" (3) failure to designate defendant as a "minimal" or "minor" participant; and (4) failure to consider status of defendant as deportable alien), to the extent they address issues other than the effective assistance of his counsel, will be dismissed in light of the appellate waiver executed by defendant at the time of his plea. The Sixth Circuit has already dismissed defendant's direct appeal (and that of his co-defendant) on this basis. Serrato-Chavez, 457 Fed.Appx. 529. A motion made under § 2255 "is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." Regalado v. United States, 334 F.3d 520, 528 (6th Cir. 2003); see also Napier v. United States, 159 F.3d 956, 961 (6th Cir. 1998). Defendant unmistakably waived these claims as part and parcel of his favorable plea bargain.

Accordingly, defendant's §2255 motion is hereby **DENIED**.

**IT IS SO ORDERED**.

Dated: April 15, 2013

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 15, 2013, by electronic and/or ordinary mail and also on Jose Noe Madrigal-Negrete, # 43456-039, N.E.O.C.C., 2240 Hubbard Road, Youngstown, OH 44505.

s/Barbara Radke
Deputy Clerk